# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS HERRERA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES INC.,<br><br>Defendant | Civil Action No.: 2:23-cv-04185-MEF-LDW |

## DEFENDANT THE TJX COMPANIES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Minh N. Vu (*pro hac vice* application filed)
Seyfarth Shaw LLP
975 F Street NW
Washington, D.C. 20004
(202) 463-2400
mvu@seyfarth.com

Joseph Vento
Lotus Cannon (*pro hac vice* application forthcoming)
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500
jvento@seyfarth.com
lcannon@seyfarth.com

*Attorneys for Defendant The TJX Companies, Inc.*

# **TABLE OF CONTENTS**

Contents

I.     INTRODUCTION ..................................................................................1

II.    COMPLAINT ALLEGATIONS .............................................................2

III.   LEGAL ARGUMENT ...........................................................................4

  A.  The Complaint Must Be Dismissed Under FRCP 12(b)(6) Because It
      Fails to State a Claim Under Title III of the ADA. ..........................................4

    1.  The Legal Standard under FRCP 12(b)(6) ................................................4

    2.  The Complaint Does Not Allege a Denial of Equal Access to the
    Goods, Services, Facilities, Privileges, Advantages, or Accommodations
    Offered at A Physical Place of Public Accommodation. ...................................6

  B.  The Complaint Must Be Dismissed Under FRCP 12(b)(1) Because
      Plaintiff Lacks Standing. ...................................................................9

    1.  The Legal Standard Under Fed. R. Civ. P. 12(b)(1) ................................9

    2.  Plaintiff Fails to Demonstrate an Invasion of a Legally Protected
    Interest. ...................................................................................10

    3.  Plaintiff Fails to Allege that He Faces Imminent Injury ..........................11

  C.  Plaintiff's Claim for a Declaratory Judgment Must Be Dismissed
      Because It Is Not an Independent Cause of Action and Is Based On
      His Deficient Title III ADA Claim. ..............................................15

III.   CONCLUSION ....................................................................................17

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abadi v. Target Corp.*,
No. 23-1050, 2023 U.S. App. LEXIS 15036 (3d Cir. June 16, 2023) ................................4, 11

*Abbott v. Atl. City*,
No. 11-cv-4851, 2017 U.S. Dist. LEXIS 44205 (D.N.J. Mar. 27, 2017) ..............................13

*Anderson v. Macy's Inc.*,
943 F. Supp. 2d 531 (W.D. Pa. 2013) ....................................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................................................4

*Doe v. Nat'l Bd. of Med. Examiners*,
210 F. App'x 157 (3d Cir. 2006) ............................................................................................10

*Ford v. Schering-Plough Corp.*,
145 F.3d 601 (3d Cir. 1998) ..................................................................................................5, 6

*Harvey v. Cty. of Hudson*,
No. 14-cv-3670 (KM), 2015 U.S. Dist. LEXIS 159402 (D.N.J. Nov. 24, 2015) ...................16

*Hernandez v. Caesars License Co. d/b/a Harrah's Resort Atl. City*,
No. 19-cv-06090, 2019 U.S. Dist. LEXIS 172456 (D.N.J. Oct. 4, 2019) ..............................11

*Laufer v. Aark Hosp. Holding, LLC*,
No. 20-5648, 2021 U.S. Dist. LEXIS 25314 (D.N.J. Feb. 10, 2021) .....................5, 9, 10, 12

*Mahoney v. Bittrex, Inc.*,
No. 19-3836, 2020 U.S. Dist. LEXIS 5746 (E.D. Pa. Jan. 14, 2020) .......................................8

*Mahoney v. Herr Foods, Inc.*,
No. 19-5759, 2020 U.S. Dist. LEXIS 72333 (E.D. Pa. Apr. 24, 2020) ........................4, 6, 7, 8

*Mahoney v. Waldameer Park, Inc.*,
No. 20-3960, 2021 U.S. Dist. LEXIS 60477 (E.D. Pa. Mar. 30, 2021) .....................10, 13, 14

*Menkowitz v. Pottstown Mem'l Med. Ctr.*,
154 F.3d 113 (3d Cir. 1998) ......................................................................................................7

*Myers v. Advanced Stores Co.*,
No. 19-cv-18183 (FLW), 2020 U.S. Dist. LEXIS 91764 (D.N.J. May 27,
2020) .........................................................................................................................................15

*Neuss v. Rubi Rose, LLC*,
  No. 16-cv-2339 (MAS)(LHG), 2017 U.S. Dist. LEXIS 83444 (D.N.J. May 31,
  2017) .......................................................................................................................15

*Peoples v. Discover Fin. Servs., Inc.*,
  387 F. App'x 179 (3d Cir. 2010) ......................................................................5, 6

*Shaika v. Gnaden Huetten Mem'l Hosp.*,
  No. 3:15-0294, 2015 U.S. Dist. LEXIS 87478 (M.D. Pa. July 7, 2015) ...............12

*Tugboat Invs. LLC v. Bank of Am.*, N.A., No. 22-2149, 2023 U.S. Dist. LEXIS
  38184 (E.D. Pa. Mar. 6, 2023).............................................................................9

*Walker v. Sam's Oyster House, LLC*,
  No. 18-cv-193, 2018 U.S. Dist. LEXIS 158439 (E.D. Pa. Sept. 18, 2018)....................*passim*

**Statutes**

42 U.S.C. 12182(a) .......................................................................................................5

ADA ............................................................................................................. *passim*

ADA Section 12182(a) ................................................................................................6

Americans with Disabilities Act Title III (ADA) ...................................................... *passim*

**Other Authorities**

FRCP 12(b)(1) ...................................................................................................1, 2, 9

FRCP 12(b)(6) .............................................................................................1, 4, 8, 9

## I.    INTRODUCTION

This case is one of sixty-two lawsuits (and counting) filed by Plaintiff Carlos Herrera in the past six months claiming that he could not use a website as a blind screen reader user, in violation of Title III of the Americans with Disabilities Act (ADA).  In this case, Plaintiff alleges that he could not access https://us.homesense.com/ (the "Website") because of various barriers that are identical to those alleged in the other lawsuits.  For the reasons set forth below, the Complaint must be dismissed in its entirety on two grounds:

First, Plaintiff fails to state a claim for relief under FRCP 12(b)(6) because the Complaint does not allege that Plaintiff was denied equivalent access to the goods and services at a public accommodation, in violation of the ADA.  In the Third Circuit, a "public accommodation" is a physical place.  The Website is not a physical place.  The Complaint merely alleges that Plaintiff encountered some vague barriers to access on the Website but fails to allege how any of the alleged barriers impeded his access to the goods and services of a physical place – namely, a Homesense store.  Accordingly, the Complaint should be dismissed with prejudice.

Second, the Complaint does not allege any facts to establish that Plaintiff has standing to assert an ADA Title III claim and must be dismissed under FRCP 12(b)(1).  To have standing, Plaintiff must allege facts that demonstrate an injury

in fact (*i.e.*, "an invasion of a legally protected interest").  However, because a website is not a public accommodation under the ADA, encountering alleged barriers to access on a website is not an invasion of any legally protected interest.  Furthermore, Plaintiff fails to show that he faces an imminent threat of future harm – an essential element of standing for an ADA Title III claim.  The Complaint does not allege that Plaintiff intends to go to any Homesense store, or even to return to the Website itself.  Accordingly, the Complaint should also be dismissed under FRCP 12(b)(1).

## II.    COMPLAINT ALLEGATIONS

The Complaint alleges that Plaintiff is blind and uses the Voice Over screen-reading software, a technology that allows people who are visually impaired to access websites.  Complaint ("Comp.") ¶¶ 5, 19-20.  Plaintiff claims that, on or around June 2023, he visited the Website using Voice Over, "with the intent of browsing and potentially engaging."  *Id*. ¶¶ 6, 19.  The Complaint alleges that the Website is a public accommodation under the ADA.  *Id*. ¶ 18.

Plaintiff alleges that he was denied access "due to the website's lack of variety of features and accommodations, which effectively barred Plaintiff from being able to enjoy the privileges and benefits of Defendant's public accommodation."  *Id*. ¶ 20.  Plaintiff claims that he is aware of "multiple barriers" to equal access on the Website, such as features that "fail to accurately describe the

contents of graphical images, fail to properly label title, fails to distinguish one page from another, contain multiple broken links, contain headings that do not describe the topic or purpose, and contain text that is not read." *Id*. ¶¶ 21-22. Apart from listing these vague issues of which he is "aware", Plaintiff does not identify any specific barriers on the Website that he personally encountered, which pages they appeared on, or what user journeys they impacted. Plaintiff claims that the alleged barriers on the website "effectively denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do." *Id*. ¶ 23. However, Plaintiff does not identify how any alleged barrier negatively impacted his user experience on the Website. Notably, Plaintiff does not allege that any barrier on the Website affected his access to the goods and services offered at a Homesense store.

The Complaint further alleges that Plaintiff and other blind users "have been and are still being denied equal access to Defendant's website, and the numerous goods and services and benefits offered to the public through the Website" but does not actually identify any of those goods, services, or benefits. *Id.* ¶ 25. The Complaint also alleges the alleged barriers "have caused a denial of Plaintiff's full and equal access in the past, and have caused the Plaintiff real harm," but specifies no facts about that harm. *Id.* ¶ 26. Plaintiff further claims that if the Website were accessible, he "could independently navigate the website and complete a desired

transaction as sighted individuals do." *Id.* ¶ 27.  However, nowhere does the Complaint allege that Plaintiff intends to return to the Website or desires to visit any Homesense store.

## III.    LEGAL ARGUMENT

**A.    The Complaint Must Be Dismissed Under FRCP 12(b)(6) Because It Fails to State a Claim Under Title III of the ADA.**

### 1.    The Legal Standard under FRCP 12(b)(6)

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Mahoney v. Herr Foods, Inc.*, No. 19-5759, 2020 U.S. Dist. LEXIS 72333, at *3-4 (E.D. Pa. Apr. 24, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Abadi v. Target Corp.*, No. 23-1050, 2023 U.S. App. LEXIS 15036, at *3 (3d Cir. June 16, 2023).  To state a claim that is plausible on its face, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While the court must accept all of plaintiff's factual allegations in the complaint as true, that assumption does not extend to legal conclusions.  *Id.*  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and plaintiff must support his legal claims with factual allegations.  *Id.*

4

To state a claim under Title III of the ADA, Plaintiff must allege: (1) he was discriminated against on the basis of a disability; (2) in the full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by the public accommodation's owner, lessor or operator.  42 U.S.C. 12182(a); *see also Laufer v. Aark Hosp. Holding, LLC*, No. 20-5648 (RBK/KMW), 2021 U.S. Dist. LEXIS 25314, at *8 (D.N.J. Feb. 10, 2021).

In the Third Circuit, "public accommodations" under Title III of the ADA are only physical places.  The Third Circuit first set forth this principle in *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998) where it stated that "[t]the plain meaning of Title III is that a public accommodation is a place." Twenty-two years later, the Third Circuit reiterated its position in *Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010), where it stated:

> Our court is among those that have taken the position that the term is limited to physical accommodations.  Despite Peoples' s request that we "clarify or reconsider" our holding in Ford and extend our interpretation of public accommodations to include things other than physical places …, we are bound by our precedent.

*Id.* (internal citations omitted)  Applying this longstanding principle, the Third Circuit held that the  defendant's credit service was not covered by Title III of the ADA because it "in no way relates to the equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations *on physical property that [the*

*defendant] ... owns, leases, or operates*. *Id.* at 184 (emphasis added). Therefore, in order to state a claim under Title III of the ADA and survive a 12(b)(6) motion to dismiss, Plaintiff must allege that he was denied equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations offered at a Homesense store. As discussed below, the Complaint contains no such allegation.

### 2. The Complaint Does Not Allege a Denial of Equal Access to the Goods, Services, Facilities, Privileges, Advantages, or Accommodations Offered at A Physical Place of Public Accommodation.

Plaintiff fails to state a claim under Title III of the ADA because he does not allege that he was denied equal access to the goods, services, facilities, privileges, advantages or accommodations offered at a physical place of public accommodation, namely a Homesense store. Plaintiff merely alleges that a variety of vague access barriers exist on the Website, which alone is not a place of public accommodation. *Walker v. Sam's Oyster House, LLC*, No. 18-cv-193, 2018 U.S. Dist. LEXIS 158439, at *5 (E.D. Pa. Sept. 18, 2018) ("A website is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA.") (citing *Tawam v. APCI Fed. Credit Union*, No. 18-cv-00122, 2018 U.S. Dist. LEXIS 131185, at *17 (E.D. Pa. Aug. 6, 2018)); *Herr Foods, Inc.*, 2020 U.S. Dist. LEXIS 72333, at *7-8 ("The unmistakable language of the Third Circuit's decisions in *Ford* and *Peoples* compels the conclusion that Defendant's website, on its own, is not a public accommodation

6

under the ADA. The law of this Circuit is that a physical place or location (or a nexus to a physical place or location) is required.") (citing *Ford*, 145 F.3d at 613).

For the Website to be subject to the ADA, Plaintiff must establish a nexus between the Website and a physical place of public accommodation. *Herr Foods*, 2020 U.S. Dist. LEXIS 72333, at *9 (citing *Walker*, 2018 U.S. Dist. LEXIS 158439, at *2). In order to establish such nexus, Plaintiff must allege "an injury suffered in relation to the place of public accommodation." *Id*. Thus, Plaintiff must tether his Title III claim to a physical place of public accommodation by alleging an injury suffered in relation to the physical place, which in this case is a Homesense store. *See Walker*, 2018 U.S. Dist. LEXIS 158439, at *8-9; *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998) (a website can be a public accommodation under the ADA when "at the very least" the injury shares "some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner") (citing *Ford*, 145 F.3d at 613).

Courts in this Circuit applying the "nexus" principle to ADA Title III lawsuits involving allegedly inaccessible websites have held that "in order to prevail plaintiff must allege that the injury he suffered on defendant's website prevented him from availing himself of the [physical location]'s goods and services. A mere inability to access information on the Website, without more, is not cognizable under the ADA as a matter of law." *Walker*, 2018 U.S. Dist.

LEXIS 158439, at *5-6.  In *Walker*, the court dismissed the ADA claim because, as in this case, no such facts were alleged.

Similarly, in *Herr Foods*, the District Court of the Eastern District of Pennsylvania dismissed a Title III claim under FRCP 12(b)(6) because the plaintiff's complaint only alleged that he could not access defendant's website and did not "pinpoint any actual location maintained by Defendant that Plaintiff seeks to utilize." *Herr Foods, Inc.*, 2020 U.S. Dist. LEXIS 72333, at *9.  The Court found that "[w]ithout an allegation of a physical place or location, there could be no 'nexus' with Defendant's website." *Id.*

And in *Mahoney v. Bittrex*, the district court dismissed the ADA claim because the "Plaintiff ha[d] not alleged the Website shares a nexus with a physical place of public accommodation." *Mahoney v. Bittrex, Inc.*, No. 19-3836, 2020 U.S. Dist. LEXIS 5746, at *6 (E.D. Pa. Jan. 14, 2020).

The Complaint does not allege a single fact relevant to the nexus requirement.  Plaintiff's allegations consist of a boilerplate list of issues limited to the Website and untethered to any of Homesense's physical locations, which is insufficient state a claim under the ADA.  *Bittrex,* 2020 U.S. Dist. LEXIS 5746, at *5-6 ("In order to survive Defendant's Motion, Plaintiff must allege something more than the inability to access the information or services on Defendant's Website.")  Plaintiff does not even allege that any barriers impacted his user

8

experience on the Website, much less prevented him from accessing any goods or services of a Homesense store. Plaintiff does not even identify any particular Homesense store that he has visited or would like to visit.

In sum, because Plaintiff does not allege that any barriers on the Website prevent him from accessing the goods and services offered at a Homesense store, he fails to state a claim under Title III of the ADA and his claim must be dismissed with prejudice pursuant to FRCP 12(b)(6).

**B.    The Complaint Must Be Dismissed Under FRCP 12(b)(1) Because Plaintiff Lacks Standing.**

### 1.    The Legal Standard Under Fed. R. Civ. P. 12(b)(1)

To demonstrate Article III standing, a plaintiff must establish: (1) he suffered an injury-in-fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Laufer,* 2021 U.S. Dist. LEXIS 25314, at *8-9 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). In order to establish an "injury in fact," the plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*. at *9 (citing *Lujan*, 504 U.S. at 560); *see also Tugboat Invs. LLC v. Bank of Am.*, N.A., No. 22-2149, 2023 U.S. Dist. LEXIS 38184, at *6 (E.D. Pa. Mar. 6, 2023) ("Without injury to a legally protected interest, [Plaintiff] lacks standing to sue…]").

9

Additionally, for a private ADA Title III action where the only available relief is injunctive, the plaintiff must show that there is a real and immediate threat of future injury. *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 160-61 (3d Cir. 2006). Vague allegations that a plaintiff intends to return to the source of illegal conduct "some day," without any description of concrete plans, does not establish "actual or imminent" injury. *Laufer,* 2021 U.S. Dist. LEXIS 25314, at *11-13 (citing *Lujan*, 504 U.S. at 560-61); *Mahoney v. Waldameer Park, Inc.*, No. 20-3960, 2021 U.S. Dist. LEXIS 60477, at *9 (E.D. Pa. Mar. 30, 2021) (quoting *La. Counseling & Family Servs., Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 U.S. Dist. LEXIS 31132, at *23 (D.N.J. Mar. 11, 2014), *aff'd sub nom. Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)).

### 2.    Plaintiff Fails to Demonstrate an Invasion of a Legally Protected Interest.

Plaintiff has not suffered an invasion of a legally protected interest because, as discussed above in Section III.A, he does not allege that he had unequal access to the goods and services at a physical place of public accommodation under the ADA. Plaintiff merely alleges that he was denied equal access to the Website, which is not a cognizable claim in the Third Circuit. *Walker*, 2018 U.S. Dist. LEXIS 158439, at *5-6 ("[a] mere inability to access information on [a] [w]ebsite, without more, is not cognizable under the ADA as a matter of law.") As such,

Plaintiff lacks an injury to a legally protected interest and therefore lacks standing to bring this suit.

### 3.    Plaintiff Fails to Allege that He Faces Imminent Injury

Plaintiff must allege facts showing that he faces imminent harm to have standing to sue under Title III of the ADA, which only provides for forward looking injunctive relief.  *Abadi*, 2023 U.S. App. LEXIS 15036, at *4-5 ("We have held that a Title III plaintiff 'lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant.") (citing *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 561 (3d Cir. 2002)).  Thus, Plaintiff must allege facts demonstrating that he intends to return to the Website in the future where he will encounter barriers that prevent him from accessing the goods and services offered at the Homesense stores.

Since the Website alone is not a public accommodation, it is critical that Plaintiff's intent to return and threat of future harm relate to a specific store.  In *Walker*, the court concluded that plaintiff's alleged intent to browse defendant restaurant's website was insufficient to establish standing because "the place of public accommodation is defendant's restaurant, not the Website."  2018 U.S. Dist. LEXIS 158439, at *3 (internal quotations omitted); *Hernandez v. Caesars License Co. d/b/a Harrah's Resort Atl. City*, No. 19-cv-06090, 2019 U.S. Dist. LEXIS 172456, at *6-9 (D.N.J. Oct. 4, 2019) (plaintiff lacked standing where he could not

show any harm stemming from the alleged non-disclosure of accessibility information on defendant's website because he had no intent on staying at Harrah's and only visited the website for the purpose of testing its compliance with the ADA).

Not only must Plaintiff to allege an intent to return to the Website for the purpose of utilizing Homesense's physical locations, but the alleged intent to return must be definitive, uncontested, and concrete to satisfy the requirements for standing.  *See Shaika v. Gnaden Huetten Mem'l Hosp.*, No. 3:15-0294, 2015 U.S. Dist. LEXIS 87478, at *16-18 (M.D. Pa. July 7, 2015) (no standing where "no definitive appointment or plan to return" to defendant's place of public accommodation) (citing *Anderson v. Macy's Inc.*, 943 F. Supp. 2d 531, 540 (W.D. Pa. 2013)); *Laufer*, 2021 U.S. Dist. LEXIS 25314, at *10-13 (plaintiff's "someday" allegation that "[in] the near future, plaintiff intends to . . . utilize the websites to reserve a guest room and otherwise avail herself of the . . . accommodations of the [p]roperty" is insufficient to establish an "actual or imminent injury" for Article III standing.)

Plaintiff falls far short of establishing an imminent injury for standing. Plaintiff's description of his alleged visit to the Website vaguely states that he had "the intent of browsing and potentially engaging." *Id.* ¶ 19.  Plaintiff does not describe what he intended to do on the Website or the extent of his engagement.

12

Plaintiff's allegation regarding any future activity on the Website is even more noncommittal. Plaintiff claims that even if the website were accessible, he "could independently navigate the website and complete a desired transaction as sighted individuals do" but does not state that he actually plans to return to the Website or any Homesense store. *Id.* ¶ 27. The Complaint contains no allegation that Plaintiff intends to return to the Website in the future, let alone facts that would support a genuine intent or desire to visit a Homesense store.

The courts in this district have utilized the following four-factor test to determine whether a future injury is concrete and particularized: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the plaintiff's frequency of nearby travel; and (4) the definiteness of the plaintiff's plan to return. *Abbott v. Atl. City*, No. 11-cv-4851, 2017 U.S. Dist. LEXIS 44205, at *34-35 (D.N.J. Mar. 27, 2017). Plaintiff fails to satisfy any of these factors.

Plaintiff does not allege that he lives or works near any particular Homesense store that he desires to patron. He also does not allege any history or frequency of travel or any familial, business or other personal connections to any Homesense store. *Waldameer Park*, 2021 U.S. Dist. LEXIS 60477, at *14-15 (a lack of familial ties or business connections to the area where the accommodation is situated cuts against the definitiveness of plaintiff's purported plans to return)

(citing *Harty v. Burlington Coat Factory of Pa., L.L.C.*, No. 11-cv-01923, 2011 U.S. Dist. LEXIS 64228, at *24 (E.D. Pa. June 16, 2011)).  In fact, Plaintiff does not allege that he has ever visited a single Homesense store.  *See Anderson*, 943 F. Supp. 2d 531, 540 ("When a plaintiff visits a public accommodation only once, the lack of a history of past patronage seems to negate the possibility of future injury at [that] particular location.") (internal quotations and citation omitted).  Finally, his Complaint contains no allegation that he desires to visit a Homesense store, or even the Website, in the future, much less a definite plan to return.

   *Mahoney v. Waldameer Park, Inc.* illustrates the bar that Plaintiff must meet in order to establish an imminent threat of future injury.  In that case, the plaintiff alleged that he "would like to, and intends to, access the Website to gather the Information and access the content and services presented thereon in order to visit the Physical Location as soon as the Website is made accessible to the visually impaired." *Waldameer Park*, 2021 U.S. Dist. LEXIS 60477, at *13-15.  The court found this allegation lacked the requisite definitiveness to show an intent to return. *Id.*  The court further found that the absence of any allegations showing past patronage of defendant's park, proximity of the park to plaintiff's home, or any connections to the park area weighed against a finding of an actual intent to return in the future or risk of imminent injury.  *Id.*

14

Here, the Complaint contains *no* allegation of Plaintiff's intent to return to the Website or go to any Homesense store *at all*. Accordingly, Plaintiff has failed to establish an imminent injury for Article III standing, and the Complaint must be dismissed.

**C.  Plaintiff's Claim for a Declaratory Judgment Must Be Dismissed Because It Is Not an Independent Cause of Action and Is Based On His Deficient Title III ADA Claim**

Plaintiff's second cause of action is simply a request for a judicial declaration. Plaintiff alleges that (1) "An actual controversy has arisen and now exists between the parties in that Plaintiff contends … that Defendant denies, that its Website … fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act…" and (2) "A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly." Compl. ¶¶ 46-47.

Plaintiff's requested declaratory relief is a remedy, rather than an independent cause of action, warranting dismissal. *Neuss v. Rubi Rose, LLC*, No. 16-cv-2339 (MAS)(LHG), 2017 U.S. Dist. LEXIS 83444, at *24-25 (D.N.J. May 31, 2017) (dismissing claims for injunctive and declaratory relief because they are remedies—not independent causes of action); *Myers v. Advanced Stores Co.*, No. 19-cv-18183 (FLW), 2020 U.S. Dist. LEXIS 91764, at *18-20 (D.N.J. May 27,

2020) (dismissing plaintiff's claim for equitable relief because it was "improperly styled as an independent cause of action, rather than a prayer for relief").

Plaintiff's claim for declaratory relief should be dismissed on the additional basis that it is derivative of his ADA claim, which is deficient for the reasons stated above. Therefore, Plaintiff's claim rises and falls with his ADA claim and must be dismissed in kind. *Harvey v. Cty. of Hudson*, No. 14-cv-3670 (KM), 2015 U.S. Dist. LEXIS 159402, at *33-34 (D.N.J. Nov. 24, 2015) (finding that to the extent that other claims were dismissed, the derivative claims must be dismissed as well).

### III.    CONCLUSION

For the foregoing reasons, The TJX Companies, Inc. respectfully requests that this Court dismiss the Complaint in its entirety with prejudice.

Date: August 24, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By _____s/ Joseph Vento_____
      Joseph Vento
      Seyfarth Shaw LLP
      620 Eighth Avenue, 32nd Floor
      New York, New York 10018-1405
      (212) 218-5500
      jvento@seyfarth.com

      Minh N. Vu (*pro hac vice* application filed)
      Seyfarth Shaw LLP
      975 F Street NW
      Washington, D.C. 20004
      (202) 463-2400
      mvu@seyfarth.com

      Lotus Cannon (*pro hac vice* application forthcoming)
      Seyfarth Shaw LLP
      620 Eighth Avenue, 32nd Floor
      New York, New York 10018-1405
      (212) 218-5500
      lcannon@seyfarth.com

      *Attorneys for Defendant The TJX Companies, Inc.*

97586584v.3