UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS HERRERA, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>THE TJX COMPANIES INC.,<br><br>*Defendant.* | No. 23-cv-04185 (MEF)(LDW)<br><br><u>**OPINION and ORDER**</u> |

\* \* \*

The Defendant moves to dismiss. The motion is resolved as set out below.

\* \* \*

Boiled down, the Defendant moves to dismiss on two grounds.

\* \* \*

<u>First</u>, because Third Circuit law does not allow for a free-standing Americans with Disabilities Act challenge to the visual accessibility of a website, separate from a connection to something in the real, brick-and-mortar world.

This is an essentially accurate statement of Circuit law. <u>See</u> <u>Herrera</u> v. <u>Humana, Inc.</u>, 2024 WL 3841467, at *2 (D.N.J. Aug. 15, 2024).

Therefore, the Plaintiff's ADA claim is dismissed to the extent it presses a challenge to the accessibility of the website, regardless of any possible tie-in to the physical world.

\* \* \*

Second, while website accessibility can sometimes be challenged if there is a sufficient "nexus" to the physical world, see id. at *3, the Defendant argues there is no alleged nexus here.

The Defendant's main reason why: the Plaintiff's nexus theory rests on an apparent suggestion that the website offered information on buying items from a particular store in Paramus that the Plaintiff allegedly frequented.  See Amended Complaint (ECF 8) ¶ 21.  But among the problems with this theory, per the Defendant, is that it is based on a serious misrepresentation of what was, in fact, on the website.

There are any number of ways to proceed.

One way: the Court can consider simply looking at the website. And the Defendant has invited the Court to do that.

Materials that sit outside the complaint are generally out of bounds on a motion to dismiss, see Solecitto v. Axon Enter., Inc., 2024 WL 42136844, at *1 (D.N.J. Sep. 16, 2024), but maybe the website can be looked to here.  The website certainly seems "integral" to the complaint, and such materials are generally in play.  See Centennial Plaza Prop, LLC v. Trane U.S. Inc., 771 F. Supp. 3d 481, 485 n.8 (D.N.J. 2025).

But even if that might potentially work as a general matter, there is this problem: the website today may be different than the website was then.  There may be workarounds --- the "wayback machine," etc.  But those are not optimal.

In light of the above, and to the extent it rests on the theory that the Plaintiff has failed to properly plead the required real-world "nexus," the Court hereby dismisses the pending motion to dismiss, see ECF 28, for the purpose of allowing the filing of a summary judgment motion.  See generally Volynsky v. Prudential Ins. Co. of Am., 2024 WL 2859460 (D.N.J. May 20, 2024).

Under the supervision of the United States Magistrate Judge, the parties may conduct discovery and, should they wish to, file an appropriate summary judgment motion or motions.

IT IS on this 28th day of August, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.